CHILES v. BURLINGTON–ROCK ISLAND
R. CO.
No. 10289.

Court of Civil Appeals of Texas. Galveston.
Dec. 23, 1936.

A. H. Spann, of Navasota, for appellant.

M. L. Bennett, of Normangee, and Thompson & Barwise and Luther M. Hudson, all of Fort Worth, for defendant in error.

LANE, Justice.

This suit was brought by Lee Chiles against the Burlington-Rock Island Railroad Company to recover, for personal injuries alleged to have been suffered by him by reason of the negligence of the Railroad Company, in the sum of $25,340.65.

The charges of negligence in plaintiff's petition may be summarized as follows: (1) That the employees operating defendant's said freight train were unskilled, careless, and without experience whatsoever; (2) that said train of cars was being operated without brakes, or without brakes sufficient to control and regulate the speed; (3) excessive speed; (4) that defendant failed to bring said train to a full stop, as required by law, at the intersection with the line of railroad of the Missouri Pacific Railroad Company; (5) that defendant at said time failed to sound its whistle and ring the bell, as was customary and as required by law; and (6) that defendant failed to have a watchman or flagman at such crossing.

Defendant answered by general demurrer, general denial, and a general plea of contributory negligence, and by specially alleging that the plaintiff at the time he received the injuries complained of was attempting to board one of defendant's moving trains for the purpose of stealing a ride without the payment of the regular fare charged; that said train was a freight train not equipped for carrying passengers and was not intended to carry passengers, all of which was well known to the plaintiff; and that plaintiff was, therefore, a trespasser, and, in attempting to board said moving freight train, had violated the laws of the State of Texas prohibiting such act; and that such conduct on the part of the plaintiff was negligence as a matter of law, and proximately caused such injuries as plaintiff received.

Further answering, the defendant set·up that the plaintiff at said time knew, or in the exercise of ordinary care should have known, that such freight train was coming, and knew the kind and character of the train, and became aware of each and all of these things prior to the accident and injuries; and that plaintiff knew the rate of speed at which said freight train was running, and it became and was his duty to stay out of the way of the approaching freight train and not place himself in such close proximity thereto as to cause the same. to injure him; but that plaintiff failed to exercise reasonable care in this respect, and that such failure on the part of plaintiff was negligence and proximately caused the injuries complained of.

A jury was chosen and impaneled to try the case, and at the close of the plaintiff's evidence the court, on motion of defendant, instructed the jury to return its verdict in favor of the defendant, and upon such verdict being returned· the court rendered judgment for defendant, and from such judgment the plaintiff has brought this case to this court by writ of error.

Appellant, for a reversal of the judgment, contends that the court erred in instructing a verdict for defendant, in that there was evidence showing that appellee was guilty of negligence which caused the injury complained of, and the evidence offered did not conclusively show that appellant was guilty of acts contributing to his injuries, as a matter of law; that where a plaintiff, as in the present case, proves that the defendant was guilty of negligence which resulted in the injury complained of, the injured party is entitled to a recovery.

As applied to this case, we overrule appellant's contentions. The plaintiff only offered evidence and such evidence conclusively shows that appellant was guilty of acts which contributed to his injuries and that had not such acts taken place, plaintiff would not have suffered the injuries complained of.

Plaintiff testified that he was employed in Singleton, Tex., by the Stanolind Pipe Line Company, and that his family was living in Teague, Tex.; that he was laid off, because of N. R. A. hours, sometimes about 5 o'clock in the afternoon of January 4, 1934, and that he then went to his boarding house, packed his suitcase, intending to catch one of defendant's freight trains and ride to Teague the next morning; that the next morning, January 5, 1934, while plaintiff was eating breakfast at his boarding house, which was some 600 yards or more east of the railroad track, he heard defendant's freight train approaching; that he picked up his suitcase and went to the railroad track, crossing over the same at the road crossing, and that he then waited there beside the railroad track until the train began passing him; and that he tossed his suitcase on a flat car in the train and then ran alongside the train and tried to board it, and that he either fell under the train or that his body was sucked under the same and both his legs were injured.

Testifying further, the plaintiff said: "I went to the west side of the track and just a little north of the first road crossing when I attempted to catch the train. I had a suitcase with me, I threw my suitcase on to a flat car which was about the middle of the train and I attempted to catch a box car back of the flat car. I can't say if it was the next car to the flat car or not. I figured they would stop for the railroad crossing. The train was running at least 30 miles per hour, and they did not slow any that I could tell. I caught hold of the handhold on the box car and ran along beside the train for some distance. I did not ever manage to get my foot in the stirrup."

None of the witnesses in any manner disputed the testimony of the plaintiff above stated, but, to the contrary, they corroborated his testimony tending to show contributory negligence as pleaded by defendant.

We are clearly of opinion that the court did not err in instructing a verdict for defendant. So concluding, the judgment is affirmed.

Affirmed.